**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Curtis Bohnert, | ) | No. CV-08-2303-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| George A. Burke; Kevin Carr; Maricopa County; Maricopa County Sheriff Joe Arpaio, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Notice of Agreement to Waive Jury Trial and Submit Case on the Record which the Court construes as a motion. (Doc. 126) On December 1, 2010, the parties also jointly requested a one-week extension of the deadline for filing the proposed Joint Pretrial Order due on December 1, 2010 on the representation that Plaintiff's co-counsel, Joseph Gmuca, underwent a serious surgery on November 22, 2010, was readmitted to the hospital due to post-surgical complications, and then released from the hospital on Saturday, November 27, 2010. (Doc. 127) Absent from the Joint Motion for Extension of Deadline is any explanation why Plaintiff's other counsel, Scott Halverson, who is, at least, as familiar with this case as Mr. Gmuca is, has not participated in the preparation and completion of the Plaintiff's portion of proposed Joint Pretrial Order except to note that Mr. Halverson "will soon be moving to withdraw from this case." (*Id.* at 2)

1    The Notice states that, during the November 12, 2010 scheduling
2 conference, counsel for Plaintiff, Mr. Halverson, and counsel for Defendant Arpaio
3 stipulated on the record to waiving a jury trial and to submitting this case on the record
4 for findings of fact and conclusions of law.  Counsel for Defendants Maricopa County,
5 Deputy George Burke, and Deputy Kevin Carr advises that these Defendants also
6 stipulate to waiving a jury trial and submitting this matter on the record.

7    Although the parties do not cite any authority in support of their stipulation
8 to submit this case on the record, contrary to LRCiv 7.2(b), the Court has found Ninth
9 Circuit authority, stating that, if the parties so stipulate, the district court may conduct a
10 bench trial based on the written record before the court.  *Starsky v. Williams*, 512 F.2d
11 109, 112-13 (9th Cir. 1975).  In *Starksy*, the court noted that submission of the case on the
12 record was supported by the unique facts of that case including that "the parties in fact
13 agreed that all of the underlying material facts were those reflected by the written record
14 before the court."  *Starsky*, 512 F.2d at 112.  The Ninth Circuit "later cautioned that such
15 fact-finding is not appropriate on an undeveloped factual record."  *Chevron USA, Inc. v.*
16 *Cayetano*, 224 F.3d 1030, 1038 n. 6 (9th Cir. 2000) (citing T*rans-World Airlines, Inc. v.*
17 *American Coupon Exchange*, 913 F.2d 676 (9th Cir. 1990)).  The Court cautioned that
18 "courts must not rush to dispose summarily of cases - especially novel, complex, or
19 otherwise difficult cases of public importance unless it is clear that more complete factual
20 development could not possibly alter the outcome and that the credibility of the
21 witnesses' statements or testimony is not at issue."  *Trans-World Airlines*, 913 F.2d at
22 684-85.  Although *Trans-World Airlines* involved a motion for summary judgment, as
23 opposed to a trial to the court, the Ninth Circuit's warning regarding prematurely
24 deciding a case before the record has been fully developed and witness credibility has
25 been tested is relevant to determining whether submission of a case on the record is
26 appropriate.

27    In this case, the record is incomplete.  Unlike Plaintiff's § 1983 claim
28 which was dismissed on summary judgment on September 21, 2010 after full briefing,

1  the present parties have never submitted briefing on Plaintiff's state-law or ADA claims.
2  Thus, the Court would benefit from further development of the record in the courtroom
3  setting.  Additionally, this case involves complex issues that are of public importance and
4  "speculation about the facts must not take the place of investigation, proof, and direct
5  observation." *Trans-World Airlines*, 913 F.2d at 685.  In view of the foregoing, the Court
6  rejects the parties' stipulation to submit this case on the record.  However, the Court finds
7  that the parties have sufficiently waived the right to a jury trial, *see* Fed.R.Civ.P. 38-39,
8  and have agreed to a non-jury trial.

9  In light of the January 31, 2011 trial and December 14, 2010 Final Pretrial
10 Conference, good cause exists to grant a one-time seven-day extension of the deadline to
11 file the proposed Joint Pretrial Order which shall be filed on or before **Wednesday,**
12 **December 8, 2010.** Rule 6(b)(1)(A), Fed.R.Civ.P.  Plaintiff's counsel are reminded it is
13 their responsibility to ensure that the proposed Joint Final Pretrial Order is properly
14 prepared and timely filed and Defendants' counsel must cooperate with Plaintiff's
15 counsel so that the proposed Joint Final Pretrial Order is properly prepared and timely
16 lodged. (Doc. 125 at 2)  "It is well established that '[d]istrict courts have inherent power
17 to control their docket.'" *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc*., 146 F.3d
18 1071, 1074 (9th Cir. 1998) (recognizing inherent power to dismiss an action to sanction
19 abusive conduct such as failure to prosecute) (quoting *Hernandez v. City of El Monte*, 138
20 F.3d 393, 398 (9th Cir. 1998)). Cases have been dismissed or other sanctions imposed for
21 failing to comply with court orders or prosecute a case. *Guru Denim, Inc. v. Hayes*, 2010
22 WL 1854020 (C.D.Cal. 2010) and cases cited therein; *Chatman v. Johnson*, 2008 WL
23 5412212 (E.D.Cal. 2008), *affirmed by*, 2010 WL 2931057 (9th Cir. 2010).

24 Accordingly,

25 **IT IS ORDERED** that the motion to waive jury trial, doc. 126, is
26 **GRANTED** in part and **DENIED** in part. This case shall be tried to the Court without a
27 jury, beginning on January 31, 2011. The parties' motion to submit this case on the
28 record is **DENIED**. All orders in the Final Scheduling Order are hereby **AFFIRMED**

except as set forth hereinafter. (Doc. 125)

**IT IS FURTHER ORDERED** that the Joint Motion for Extension of Deadline, doc. 127, is **GRANTED**. The parties' attorneys shall prepare and sign a proposed Joint Final Pretrial Order and lodge it with the Clerk no later than **Wednesday, December 8, 2010**. No further extensions will be granted.

**IT IS FURTHER ORDERED** that since the case will be tried to the Court, rather than to a jury, in addition to lodging the proposed Joint Final Pretrial Order, each party shall file proposed findings of fact and conclusions of law in concise and separately numbered paragraphs on or before **Friday**, **January 14, 2011.**  See, Rule 52, Fed.R.Civ. P. The proposed findings of fact and conclusions of law shall also be emailed to the undersigned's ECF central mailbox (anderson_chambers@azd.uscourts.gov).

Dated this 2nd day of December, 2010.

Lawrence O. Anderson
United States Magistrate Judge