**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Curtis Bohnert, | ) | No. CV-08-2303-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| George A. Burke; Kevin Carr; Maricopa County; Maricopa County Sheriff Joe Arpaio, | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion of attorney J. Scott Halverson to withdraw as co-counsel for Plaintiff pursuant to LRCiv 83.3(b). (Doc. 129) After consideration of counsel's motion and the procedural posture of this case, the Court will deny Mr. Halverson's motion.

Local Rule of Civil Procedure ("LRCiv") 83.3(b) sets forth the technical requirements for withdrawing as counsel of record in the District Court of Arizona. Because this matter had been set for trial prior to the filing of Halverson's motion, LRCiv 83.3(b)(3) controls the contents of the motion.[1] Mr. Halverson's motion bears the

---

[1] Local Rule 83.3(b)(3) provides:

> (3) No attorney shall be permitted to withdraw as attorney of record after an action has been set for trial, (A) unless there shall be endorsed upon the application therefore, either the signature of an attorney stating that the attorney is advised of the trial date and will be prepared for trial, or the

1  signature of this client and reasonably provides the substantive information required by
2  LRCiv 83.3(b)(3).  Mr. Halverson's motion complies with LRCiv 83.3(b)(3)'s require-
3  ments.  Although a motion to withdraw as counsel must comply with LRCiv 83.3,
4  compliance with the Rule does not guarantee that counsel will be permitted to withdraw.
5  Rather, the trial court retains wide discretion in a civil case to grant or deny counsel's
6  motion to withdraw. *Le Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Ohntrup*
7  *v. Firearms Center, Inc*., 802 F.2d 676, 679 (3d Cir. 1986) *Stair v. Calhoun*, 2010 WL
8  2670828, * 2 (E.D.N.Y. 2010) ("Whether to grant or deny a motion to withdraw as
9  counsel falls to the sound discretion of the trial court.") (citation and internal quotation
10 marks omitted). Factors that a district court should consider when ruling upon a motion to
11 withdraw as counsel include: (1) the reasons why withdrawal is sought; (2) the prejudice
12 withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the
13 administration of justice; and (4) the degree to which withdrawal will delay the resolution
14 of the case. *In re Ryan*, 2008 WL 4775108, at * 3 (D.Or. Oct. 31, 2008) (citing *Irwin v.*
15 *Mascott*, 2004 U.S. Dist. LEXIS 28264 at 4 (N.D.Cal. December 1, 2004)).
16         In support of his motion to withdraw, Mr. Halverson's argues that he
17 appeared in this case in April 2009 to assist Plaintiff's counsel, Joseph F. Gmuca who
18 commenced this civil rights case on December 17, 2008 and who remains lead counsel.
19 (Docs. 1, 22) Mr. Halverson further asserts that, in view of the Court's rulings on the
20 motion for summary judgment, it appears that Plaintiff will be best served by counsel
21 with appellate experience and that he has almost no such experience.  He also appears to
22 argue that because the parties have agreed to waive a jury trial in this case, his assistance
23 is unnecessary.

---

25  signature of the client stating that the client is advised of the time and date and
    has made suitable arrangements to be prepared for trial, or (B) unless the
26  Court is otherwise satisfied for good cause shown that the attorney should be
    permitted to withdraw.
27

28 LRCiv 83.3(b)(3)

- 2 -

1 Although Mr. Halverson entered this case as co-counsel, he has been an
2 active participant in this matter and has often assumed a lead role when Mr. Gmuca has
3 been unable to appear before the Court.  Recently, Mr. Halverson appeared on Plaintiff's
4 behalf without Mr. Gmuca during the Rule 16 Scheduling Conference on November 4
5 and 11, 2010.  (Docs. 115, 123)  Mr. Halverson's arguments regarding Plaintiff's need
6 for counsel with appellate experience are not relevant at this point in the proceedings
7 because the case is still before a trial court and Plaintiff's interlocutory appeal to the
8 Ninth Circuit on the § 1983 claims was "dismissed [on December 1, 2010] for failure to
9 respond to" the court's October 27, 2010 order.  (Doc. 128)   Additionally, the fact that
10 this matter has been scheduled for a bench trial, rather than a jury trial, does not support
11 Mr. Halverson's motion to withdraw as counsel.  Mr. Gmuca apparently needed the
12 assistance of co-counsel to litigate Plaintiff's claims.  Nothing in Mr. Halverson's motion
13 indicates that Mr. Gmuca no longer needs such assistance in preparing for the December
14 14, 2010 final pretrial conference and trying the upcoming bench trial which is scheduled
15 for January 31, 2011.

16 Any factors that might support Mr. Halverson's motion to withdraw are
17 outweighed by the Court's responsibility to manage its own case load and ensure a fair
18 trial to all parties. This case has been pending since 2008 and is set for a bench trial on
19 January 31, 2011.  Although Mr. Gmuca may be lead counsel at this time, throughout the
20 course of this litigation, he has relied on Mr. Halverson to take the helm at times on
21 important matters and apportioned work between them while Mr. Gmuca was ill,
22 recovering from back surgery or otherwise unable to single handedly represent Plaintiff.
23 For example, on May 7, 2009, the Court ordered "[c]ounsel who will be responsible for
24 trial of the lawsuit" to appear at the May 29, 2010 Rule 16 scheduling conference. (Doc.
25 34 at 1) Mr. Halverson appeared without Mr. Gmuca at the scheduling conference. (Doc.
26 37)  Other examples of shared responsibilities is when Mr. Halverson responded to the
27 County Defendants' summary judgment motion of the § 1983 issues and when he
28 prepared and filed Plaintiff's Statement of Facts in Support of Plaintiff's Response to

1  State Defendants' Motion for Summary Judgment. (Docs. 87, 93)

2  In view of the rapidly approaching trial date, the need to resolve this case in
3  an expeditious and just manner, and the history of this case which includes Mr. Halver-
4  son having personally appeared on behalf of Plaintiff on several occasions due to Mr.
5  Gmuca's inability to do so (due to surgery or otherwise), in the exercise of its discretion,
6  the Court will deny Mr. Halverson's motion. Mr. Gmuca's unexpected serious medical
7  issues in July, 2010 and his November, 2010 spinal surgery and readmission to the
8  hospital could resurface before or during trial and if Mr. Halverson were permitted to
9  withdraw, the trial will need to be continued because Plaintiff would be without counsel,
10 causing undue prejudice to Defendants who have prepared for trial and further delay in
11 the resolution of this case. (Docs. 90, 127)  The Court's order does not preclude Mr.
12 Gmuca and Mr. Halverson from determining how best to divide the responsibilities of
13 representing Plaintiff amongst themselves.  Rather, the Court finds that the interests of
14 justice will be best served if Mr. Halverson remains available to assist and try this case as
15 he agreed to do when he entered his notice of appearance in 2009. (Doc. 22)

16 In the exercise of the Court's discretion,

17 **IT IS ORDERED** that attorney J. Scott Halverson's Motion to Withdraw
18 As Co-Counsel of Record for Plaintiff, doc. 129, is **DENIED**.

19 Dated this 7th day of December, 2010.

Lawrence O. Anderson
United States Magistrate Judge

- 4 -