**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Bohnert, ) | No. CV-08-2303-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| George A. Burke; Kevin Carr; Maricopa ) | |
| County; Maricopa County Sheriff Joe ) | |
| Arpaio, ) | |
| ) | |
| Defendants. ) | |
| ) | |

        This matter is before the Court after review of the Joint Proposed Final Pretrial Order, doc. 137, following the December 14, 2010 final pretrial conference which the Court conducted on the record to address the issues remaining for resolution. The final pretrial conference was attended by Joseph Gmuca and Scott Halverson, counsel for Plaintiff; Karen Hartman-Tellez and Randall Garczynski, counsel for Defendants Maricopa County, Maricopa County Sheriff Deputies George Burke and Kevin Carr; and Maria Brandon and Richard Stewart, counsel for Sheriff Joe Arpaio.

        As stated in the Joint Proposed Final Pretrial Order, and agreed to by the parties during the final pretrial conference, the only claims remaining in this case are: (1) whether Title II of the Americans With Disabilities Act ("ADA") provides a cause of action against Defendants Arpaio, Burke, and Carr in their individual capacities [alleged in Count I of the Complaint]; (2) whether Defendants Arpaio and Maricopa County are

1 vicariously liable for violating Plaintiff's rights under Title II of the ADA [alleged in
2 Count II of the Complaint]; (3) whether Defendants Burke and Carr were negligent in
3 violation of Arizona law [Count III]; (4) whether the conduct of Defendants Burke and
4 Carr constituted extreme and outrageous conduct such that they inflicted emotional
5 distress on Plaintiff in violation of Arizona law [Count IV[1]]; (5) whether the conduct of
6 Defendants Burke and Carr amounted to false arrest in violation of Arizona law [Count
7 V]; (6) whether Defendants Burke and Carr committed the tort of assault and battery in
8 violation of Arizona law [Count VI]; and (7) whether Defendants Maricopa County and
9 Arpaio are vicariously liable under the doctrine of *respondeat superior* for the state law
10 torts allegedly committed by Deputies Burke and Carr [Count VII].  (Docs. 137 at 6-8, 1)
11        The Court previously considered these same issues in conjunction with the
12 Motion for Summary Judgment filed by the State of Arizona, DPS Officer Mitchell, and
13 former DPS Director Roger Vanderpool (collectively referred to as the "State
14 Defendants").[2]  (Doc. 81)   Plaintiff filed a response and statement of facts to the Motion,
15 docs. 93, 96, to which the State Defendants timely replied, doc. 99.  After consideration
16 of the briefing, on October 26, 2010, the Court granted summary judgment in favor of the
17 State Defendants on all non-§ 1983[3] counts alleged against them. (Doc. 112)  As

---

[1] Count IV of the Complaint alleges that the three police officers (Mitchell, Burke and Carr) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress to Plaintiff. (Doc. 1 at 15) Count IV, however, is titled "Negligent Infliction of Emotional Distress" but the allegations spell out the elements of the intentional tort recognized in Arizona as Intentional Infliction of Emotional Distress. The Court believes Plaintiff intended to allege a claim of Intentional Infliction of Emotional Distress which is confirmed in the Final Pretrial Order by Defendants' citation to *Mintz v. Bell Atlantic Sys.*, 905 P.2d 559, 562-633 (Az.Ct.App. 1995), citing the elements of Intentional Infliction of Emotional Distress. (Doc. 140 at 7)

[2] The County Defendants did not file a summary judgment motion on the non-§ 1983 claims before the June 25, 2010 dispositive motion deadline expired. (Docs. 37 at 4, 122)

[3] Summary judgment on Plaintiff's § 1983 claims against all Defendants was granted on September 21, 2010. (Doc. 107)

- 2 -

discussed in more detail below, the Court, relying on the reasoning in the October 26, 2010 Order and pursuant to Fed.R.Civ.P. 56(f)(1), will grant summary judgment in favor of Defendants Arpaio, Maricopa County, Burke, and Carr on Plaintiff's remaining claims. Fed.R.Civ.P. 56(f)(1) (effective December 1, 2010) (providing that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant.").

Significantly, the parties agreed in the Joint Proposed Final Pretrial Order, doc. 137 at 3, that the following material facts, although not admitted, will not be contested at trial by evidence to the contrary:

> a. On March 5, 2008, Plaintiff Curtis Bohnert drove westbound for approximately five miles in the eastbound lanes of Interstate 8 outside Gila Bend, Arizona.
>
> b. Plaintiff, a Type-I diabetic, experienced a hypoglycemic incident at the time he drove the wrong way on the freeway.
>
> c. Before he was removed from his vehicle and placed in restraints, Plaintiff did not tell Defendants George Burke and Kevin Carr that he was diabetic or in need of medical attention.
>
> d. Defendants Burke [and Carr[4]] did not know or suspect that Plaintiff was diabetic and experiencing a hypoglycemic incident until after removing him from his vehicle and restraining him.
>
> e. Neither Burke nor Carr used a Taser on Plaintiff.

(Doc. 137 at 3)

**1. ADA Claims Asserted against Individuals**

In the remaining portion of Count I, Plaintiff asserts that Defendants Arpaio, Burke, and Carr are liable, in their individual capacities, for violating Plaintiff's rights under Title II of the Americans with Disabilities Act ("ADA").

---

[4] Deputy Carr's name was omitted in this paragraph in the parties' Joint Proposed Final Pretrial Order. (Doc. 137 at 3)  Because the Court believes this omission was an inadvertent drafting error, the Court has included his name in this paragraph in this order and the Final Pretrial Order.

- 3 -

The Court previously considered this same claim in conjunction with the Motion for Summary Judgment filed by the State Defendants. (Doc. 81) Plaintiff filed a response to the Motion, doc. 96, to which the State Defendants timely replied, doc. 99. After considering the briefing including the statements of fact, on October 26, 2010, the Court ruled that Defendants Mitchell and Vanderpool could not be held individually liable under the ADA and were entitled to summary judgment in their individual capacities. (Doc. 112 at 10)

During the December 14, 2010 final pretrial conference, the Court notified the parties that, although no motion was pending before it, after review of the record and the Joint Proposed Final Pretrial Order, the Court was inclined to grant summary judgment in favor of Defendants Arpaio, Burke, and Carr on Plaintiff's ADA claim asserted in Count I against those Defendants. The Court explained that the facts have been fully developed and the legal issues had been fully briefed and considered in the Court's October 26, 2010 Order, doc. 112, and that the legal issues are the same as to the State and County Defendants. Plaintiff's counsel, Mr. Gmuca and Mr. Halverson, agreed that the record currently before the Court is complete and fully developed on the ADA claim asserted in Count I against Defendants Burke, Carr, and Arpaio that Plaintiff has had a full and fair opportunity to present facts and legal arguments in support of that claim.  Plaintiff's counsel also agreed that the Court's reasoning in the October 26, 2010 Order applies equally to Plaintiff's claims against Defendants Arpaio, Burke and Carr. Counsel for Defendants Burke, Carr and Arpaio also agreed that the record is fully developed on the claim asserted in Count I.

Prior to the December 1, 2010 amendment to Rule 56(f), Fed.R.Civ.P., the Ninth Circuit approved the procedure implemented by the parties and Court in this order. In *Portsmouth Square, Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985), the court stated:

> [I]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law, a summary disposition of the case conserves scarce judicial resources.

- 4 -

> The court need not await a formal motion, or proceed to trial, under those circumstances.
>
> Where the district court grants summary judgment in the absence of a formal motion, we review the record closely to ensure that the party against whom judgment was entered had a full and fair opportunity to develop and present facts and legal arguments in support of [his] position. (citation omitted) A litigant is entitled to reasonable notice that the sufficiency of his or her claim will be in issue. (citations omitted) Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment. (citation omitted) Having reviewed this record, we conclude that [plaintiff] was afforded a full and fair opportunity to make its case.

*Portsmouth Square*, 770 F.2d at 869.

In view of the agreement by Plaintiff's counsel and counsel for the County Defendants that the record is fully developed on the ADA claim asserted in Count I against Defendants Burke, Carr and Arpaio, and that the reasoning applied in the October 26, 2010 Order granting summary judgment in favor of Defendants Mitchell and Vanderpool applies equally to Defendants Burke, Carr and Arpaio, the Court finds that Defendants Burke, Carr, and Arpaio cannot not be held individually liable under the ADA and are entitled to summary judgment in their individual capacities.

**2. ADA Vicarious Liability Claim**

In the remaining portion of Count II, Plaintiff alleges that Defendants Maricopa County and Arpaio are vicariously liable under Title II of the ADA.

The Court previously considered this same claim in conjunction with the Motion for Summary Judgment filed by the State Defendants. (Doc. 81)  Plaintiff filed a response to the Motion, doc. 96, to which the State Defendants timely replied, doc. 99. In its October 26, 2010 Order, the Court noted that Plaintiff's response failed to address Defendant Vanderpool's and the State of Arizona's arguments pertaining to Count II. (Doc. 112 at 12)  The Court further noted that, pursuant to LRCiv 7.2(c),(i) and Plaintiff's failure to respond to the arguments of Defendants Vanderpool and the State of Arizona, they were entitled to summary judgment on Count II because there is no ADA liability on the merits on this claim and the lack of a response "may be deemed [Plaintiff's] consent to the . . . granting of the [summary judgment] motion."  (Doc. 112

- 5 -

at 12-13)

Independent of the Plaintiff's failure to address this issue in his response, the Court ruled that, assuming that the ADA applies to an arrest, a legal analysis of the relevant ADA case law and the undisputed facts dictate that [Defendants Vanderpool's and the State of Arizona's] summary judgment motion on the ADA claim must be granted." (Doc. 112 at 12-13) Specifically, the October 26, 2010 Order provided in relevant part:

> "To recover monetary damages under Title II of the ADA . . . a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall* at 1138. In *Duvall*, the Ninth Circuit held that intentional discrimination can be shown by establishing "deliberate indifference" by the defendant. *Id.* The *Duvall* court further explained that "[d]eliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon the likelihood." *Id.* As the Ninth Circuit subsequently stated in *Lovell*, "[t]he first element is satisfied when the public entity has notice that an accommodation is required." *Lovell*, 303 F.3d at 1057. In other words, to establish a *prima facie* case under Title II of the ADA, the State Defendants' must have discriminated against Plaintiff because of Plaintiff's disability. *Lovell*, 303 F.3d at 1052; *Weinreich*, 114 at 978. *Thus, if the disabled person has a latent disability like diabetes or any other non-obvious disability, there can be no liability under the ADA without actual or constructive notice of such disability.*

(*Id.*) (emphasis added and footnotes omitted). In the Joint Proposed Final Pretrial Order, Plaintiff's counsel does not dispute that "Defendants Burke [and Carr] did not know or suspect that Plaintiff was diabetic and experiencing a hypoglycemic incident until after removing him from his vehicle and restraining him." (Doc. 137 at 3) (footnote omitted).

During the December 14, 2010 final pretrial conference, the Court notified the parties that, although no motion was pending before it, after review of the record and the Joint Proposed Final Pretrial Order, the Court was inclined to grant summary judgment in favor of Defendants Arpaio and Maricopa County on Plaintiff's ADA claim asserted in Count II against those Defendants. The Court explained that the facts and legal issues had been fully briefed in the State Defendants' Motion for Summary Judgment, and that Plaintiff was afforded a fair opportunity to respond to the State Defen-dants' arguments. The Court further stated that the legal issues were the same as

1  to the State and County Defendants. Plaintiff's counsel, Mr. Gmuca and Mr. Halverson,
2  agreed that Plaintiff had a full and fair opportunity to address and fully develop the facts
3  and legal arguments pertaining to the allegations in Count II and indicated that, if given
4  an additional opportunity, Plaintiff would not respond differently regarding the ADA
5  claim asserted in Count II against Defendants Arpaio and Maricopa County.  Plaintiff's
6  counsel also agreed that the Court's reasoning in the October 26, 2010 Order regarding
7  the ADA claim asserted in Count II of the Complaint applies equally to Plaintiff's claims
8  against Defendants Arpaio and Maricopa County.  Counsel for Defendants Burke, Carr
9  and Arpaio also agreed that the record is fully developed on the ADA claim asserted in
10 Count II against Defendants Arpaio and Maricopa County.

11 In view of the agreement by counsel for Plaintiff and counsel for the
12 remaining Defendants that the record before the Court is fully developed on the ADA
13 claim asserted in Count II against Defendants Arpaio and Maricopa County, and that the
14 reasoning applied in the October 26, 2010 Order granting summary judgment in favor of
15 the State Defendants on Count II applies equally to Defendants Arpaio and Maricopa
16 County, the Court finds that Defendants Arpaio and Maricopa County are entitled to
17 summary Judgment on Plaintiff's ADA claim asserted in Count II of the Complaint.

### 3. State Law Negligence Claim

19 Count III of the Complaint alleges that the police officers, like Defendants
20 Burke and Carr, "[a]re charged with a duty to exercise reasonable care in their conduct,
21 so as to avoid injury to members of the public," that Defendants Burke and Carr acted
22 "unreasonably in their dealings with plaintiff Curtis Bohnert," and "are liable to plaintiff
23 for those damages as described in this Count."  (Doc.1 at 14-15)

24 The Court previously considered this same claim in conjunction with the
25 Motion for Summary Judgment filed by the State Defendants. (Doc. 81)   Plaintiff filed a
26 response to the Motion, doc. 96, to which the State Defendants timely replied, doc. 99.
27 After consideration of the briefing, on October 26, 2010, the Court ruled that Defendant
28 Officer Mitchell was entitled to summary judgment on Plaintiff's negligence claim

1 because "Plaintiff totally failed to address his negligence claim in his response, and,
2 thereby, failed to 'set forth specific facts showing that there is a genuine issue for trial.'"
3 (Doc. 112 at 16)
4    During the December 14, 2010 final pretrial conference, the Court notified
5 the parties that, although no motion was pending before it, after review of the record and
6 the Joint Proposed Final Pretrial Order, the Court was inclined to grant summary
7 judgment in favor of Defendants Burke and Carr on Plaintiff's negligence claim asserted
8 in Count III against those Defendants.  The Court explained that the facts and legal issues
9 had been fully briefed in the State Defendants' motion for summary judgment, and that
10 Plaintiff had been given an opportunity to respond to the State Defendants' arguments.
11 The Court further stated that the legal issues were the same as to State and County
12 Defendants. Plaintiff's counsel, Mr. Gmuca and Mr. Halverson, agreed that Plaintiff had
13 a full and fair opportunity to address the facts and legal arguments pertaining to the
14 allegations in Count III and indicated that, if given an additional opportunity, Plaintiff
15 would not respond differently to a summary judgment motion regarding the negligence
16 claim asserted in Count III against Defendants Burke and Carr.  Plaintiff's counsel also
17 agreed that the Court's reasoning in the October 26, 2010 Order regarding the negligence
18 claim asserted in Count III of the Complaint applies equally to Plaintiff's negligence
19 claim against Defendants Burke and Carr.  Counsel for Defendants Burke and Carr also
20 agreed that the record is fully developed on the negligence claim asserted in Count III
21 against Defendants Burke and Carr.
22    In view of the agreement by counsel for Plaintiff and counsel for the
23 remaining Defendants that the record before the Court is fully developed on the claim
24 asserted in Count III against Defendants Burke and Carr, and that the reasoning applied
25 in the October 26, 2010 Order granting summary judgment in favor of Officer Mitchell
26 on Count III applies equally to Deputies Burke and Carr, the Court finds that Defendants
27 Burke and Carr are entitled to summary Judgment on Plaintiff's negligence claim
28 asserted in Count III of the Complaint.

### 4. Negligent or Intentional Infliction of Emotional Distress

The remaining portion of Count IV of the Complaint alleges that Deputies Burke and Carr intentionally or recklessly engaged in "extreme and outrageous" conduct that caused Plaintiff "severe emotional distress." (Doc. 1 at 15)

The Court previously considered this same claim in conjunction with the Motion for Summary Judgment filed by the State Defendants. (Doc. 81) Plaintiff filed a response to the Motion, doc. 96, to which the State Defendants timely replied, doc. 99. After consideration of the briefing on October 26, 2010, the Court ruled that Defendant Officer Mitchell was entitled to summary judgment on Plaintiff's claim asserted in Count IV. The Court found that Officer Mitchell had satisfied his "burden of producing evidence that negates an essential element of the claim" and was "entitled to summary judgment unless Plaintiff demonstrated that a genuine issue of material fact exists on this state law claim." (Doc. 112 at 18) The Court further found that Plaintiff had failed to respond to Defendant Mitchell's arguments and, regardless of that failure, Defendant Mitchell's conduct was not "extreme and outrageous." (Doc. 112 at 18) Specifically, the October 26, 2010 order provided in relevant part:

> [I]ndependent of the absence of a Plaintiff's response, the Court cannot conclude that there is a question of fact on Plaintiff's claim for intentional infliction of emotional distress. The Court has previously found that Officer Mitchell did not use unreasonable or excessive force in arresting Plaintiff and the amount of force that was used was necessary as a result of Plaintiff's own conduct, beginning with his refusal to comply with Officer Mitchell's orders to exit the vehicle. *Bohnert*, 2010 WL 3767566. It is not, most certainly, "extreme and outrageous" conduct for police officers to use reasonable, but not more than necessary, physical force to arrest a person who actively resists his arrest, *especially if the police officers have no actual or constructive knowledge such person is having a medical emergency*.

(*Id.*) (emphasis added). Accordingly, the Court granted summary judgment in favor of Defendant Mitchell on Plaintiff's state law claim of Intentional Infliction of Emotional Distress raised in Count IV.

During the December 14, 2010 final pretrial conference, the Court notified the parties that, although no motion was pending before it, after review of the record and

- 9 -

the Joint Proposed Final Pretrial Order, the Court was inclined to grant summary judgment in favor of Deputies Burke and Carr on Plaintiff's state law claim of Intentional Infliction of Emotional Distress raised in Count IV. The Court explained that the facts and legal issues had been fully briefed in the State Defendants' Motion for Summary Judgment, and that Plaintiff was afforded a fair opportunity to respond to the State Defendants' arguments. The Court further stated that the legal issues were the same as to the State and County Defendants. Plaintiff's counsel, Mr. Gmuca and Mr. Halverson, agreed that Plaintiff had a full and fair opportunity to address the facts and legal arguments pertaining to the allegations in Count IV and indicated that, if given an additional opportunity, Plaintiff would not respond differently to a summary judgment motion regarding the state law claim of Intentional Infliction of Emotional Distress raised in Count IV. Plaintiff's counsel also agreed that the Court's reasoning in the October 26, 2010 Order regarding the claim asserted in Count IV of the Complaint against Defendant Mitchell applies equally to Plaintiff's claim of Intentional Infliction of Emotional Distress against Defendants Burke and Carr. Counsel for Defendants Burke and Carr also agreed that the record is fully developed on the claim asserted in Count IV against Defendants Burke and Carr.

In view of the agreement by counsel for Plaintiff and counsel for the remaining Defendants that the record before the Court is fully developed on the claim asserted in Count IV against Defendants Burke and Carr, and that the reasoning applied in the October 26, 2010 Order granting summary judgment in favor of Defendant Mitchell on Count IV applies equally to Deputies Burke and Carr, the Court finds that Defendants Burke and Carr are entitled to summary judgment on Plaintiff's state law claim of Intentional Infliction of Emotional Distress raised in Count IV.

### 5. State Law Claim of False Arrest

In the remaining portion of Count V, Plaintiff alleges that the conduct of Defendants Burke and Carr amounts to false arrest in violation of Arizona law.

The Court previously considered this same claim in conjunction with the

1 Motion for Summary Judgment filed by the State Defendants. (Doc. 81)  Plaintiff filed a
2 response to the Motion, doc. 96, to which the State Defendants timely replied, doc. 99.
3 After consideration of the briefing, on October 26, 2010, the Court ruled that, because
4 Defendant Officer Mitchell "had probable cause to arrest Plaintiff," he was entitled to
5 summary judgment on Plaintiff's state law false arrest claim. (Doc. 112 at 19) (citing
6 *Bohnert v. Mitchell*, No. CV-08-2303-PHX-LOA, 2010 WL 3767566, at * 15 (D.Ariz.,
7 Sept. 21, 2010)).

8     During the December 14, 2010 final pretrial conference, the Court notified
9 the parties that, although no motion was pending before it, after review of the record and
10 the Joint Proposed Final Pretrial Order, the Court was inclined to grant summary
11 judgment in favor of Deputies Burke and Carr on Plaintiff's false arrest claim asserted in
12 Count V against those Defendants. The Court explained that the facts and legal issues
13 had been fully briefed and considered in the Court's October 26, 2010 Order and that the
14 legal issues were the same as to the State and County Defendants. Plaintiff's counsel, Mr.
15 Gmuca and Mr. Halverson, agreed that the record currently before the Court is complete
16 and fully developed on the false arrest claim asserted in Count V against Defendants
17 Burke and Carr, and that Plaintiff has had a full and fair opportunity to present facts and
18 legal arguments in support of that claim.  Plaintiff's counsel also agreed that the Court's
19 reasoning in the October 26, 2010 Order applies equally to Plaintiff's claims against
20 Defendants Burke and Carr asserted in Count V.  Counsel for Defendants Burke and Carr
21 also agreed that the record is fully developed on the false arrest claim asserted in Count V
22 against Defendants Burke and Carr.

23     Specifically, the October 26, 2010 provided in relevant part:

24     To establish a claim of false arrest in Arizona, a plaintiff must show
    that he was detained "without his consent and without lawful authority."
25     *Slade v. City of Phoenix*, 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975)
    (citing *Swetnam v. F.W. Woolworth Co.*, 83 Ariz. 189, 318 P.2d 364
26     (1957); *Mohajerin v. Pinal County*, 2007 WL 4358254, * 4 (D.Ariz. 2007).
    "The essential element necessary to constitute either false arrest or false
27     imprisonment is unlawful detention." *Slade*, 112 Ariz. at 300, 541 P.2d at
    552. "Under Arizona law, probable cause is an absolute defense to a claim
28     of false arrest and imprisonment." *Gasho v. United States*, 39 F.3d 1420,

- 11 -

1428 (9th Cir. 1994) (citing *Hockett v. City of Tucson*, 139 Ariz. 317, 320, 678 P.2d 502, 505 (Az.Ct.App. 1983); *Joseph v. Dillard's, Inc.*, 2009 WL5185393, * 15 (D.Ariz. 2009)). "Under Arizona law, probable cause is an absolute defense to a claim of false arrest and imprisonment." *Hockett*, 139 Ariz. 317, 320, 678 P.2d 502, 505

Having previously found that Officer Mitchell had probable cause to arrest Plaintiff, *Bohnert*, 2010 WL 3767566 at 7-10, the Court will grant the State Defendants' Motion for Summary Judgment on Plaintiff's State law false arrest claim.

(Doc. 112 at 18-19)

In view of the agreement by counsel for Plaintiff and counsel for the remaining Defendants that the record before the Court is fully developed on the false arrest claim asserted in Count V against Defendants Burke and Carr, and that the reasoning applied in the October 26, 2010 Order granting summary judgment in favor of Defendant Mitchell applies equally to Defendants Burke and Carr, the Court finds that Defendants Burke and Carr are entitled to summary judgment on Plaintiff's state law false arrest claim asserted in Count V.

### 6. State Law Assault and Battery Claim

In the remaining portion of Count VI, Plaintiff alleges that Defendants Burke and Carr committed the tort of assault and battery in violation of Arizona law.

The Court previously considered this same claim in conjunction with the Motion for Summary Judgment filed by the State Defendants. (Doc. 81) Plaintiff filed a response to the Motion, doc. 96, to which the State Defendants timely replied, doc. 99. After consideration of the briefing, on October 26, 2010, the Court found that Plaintiff had failed to produce evidence of Defendant "Mitchell's intent to cause harm or imminent apprehension thereof to Plaintiff." (Doc. 112 at 20) The Court also noted that "Plaintiff failed to respond to the State Defendants' Motion" pertaining to the assault and battery claim. (Doc. 112 at 20) In view of Plaintiff's failure to respond and the lack of evidence that Defendant Mitchell intended to use "more force than was reasonable and necessary to overcome Plaintiff's physical resistance to arrest," the Court granted summary judgment in favor of Defendant Mitchell on Plaintiff's state law claim of

assault and battery raised in Count VI.

During the December 14, 2010 final pretrial conference, the Court notified the parties that, although no motion was pending before it, after review of the record and the Joint Proposed Final Pretrial Order, the Court was inclined to grant summary judgment in favor of Defendants Burke and Carr on Plaintiff's state law claim of assault and battery asserted in Count VI. The Court explained that the facts and legal issues had been fully briefed in the State Defendants' Motion for Summary Judgment, and that Plaintiff was afforded a fair opportunity to respond to the State Defendants' arguments. The Court further stated that the legal issues were the same as to the State and County Defendants. Plaintiff's counsel, Mr. Gmuca and Mr. Halverson, agreed that Plaintiff had a full and fair opportunity to address the facts and legal arguments pertaining to the allegations in Count VI and indicated that, if given an additional opportunity, Plaintiff would not respond differently to a summary judgment motion regarding the state law claim of assault and battery asserted against Defendants Burke and Carr in Count VI. Plaintiff's counsel also agreed that the Court's reasoning in the October 26, 2010 Order applied to the claim asserted in Count VI against Defendant Mitchell applies equally to Plaintiff's claim of assault and battery against Defendants Burke and Carr. Counsel for Defendants Burke and Carr also agreed that the record is fully developed on the claim asserted in Count VI against Defendants Burke and Carr.

In view of the agreement by counsel for Plaintiff and counsel for the remaining Defendants that the record before the Court is fully developed on the claim asserted in Count VI against Defendants Burke and Carr, and that the reasoning applied in the October 26, 2010 Order granting summary judgment in favor of Defendant Mitchell on Count VI applies equally to Defendants Burke and Carr, the Court finds that Defendants Burke and Carr are entitled to summary Judgment on Plaintiff's state law claim of assault and battery raised in Count VI.

### 7. *Respondeat Superior* Liability

Finally, Plaintiff alleges in Count VII that Defendants Maricopa County

1 and Arpaio are liable, under a theory of *respondeat superior*, for the state law torts
2 committed by Defendants Burke and Carr.  In view of the Court's ruling set forth above
3 that Defendants Burke and Carr are entitled to summary judgment on all of the state law
4 tort claims alleged in the Complaint, there is no tortious conduct for which Defendants
5 Arpaio and Maricopa County could be vicariously liable.  Accordingly, Defendants
6 Maricopa County and Arpaio are entitled to summary judgment on Count VII.

7 Upon review of the record and the statements counsel made on the record
8 during the December 14, 2010 final pretrial conference, and based on the reasoning in the
9 Court's October 26, 2010 Order, pursuant to Fed.R.Civ.P. 56(f)(1),

10 **IT IS ORDERED** granting summary judgment in favor of Defendant
11 Maricopa County on Plaintiff's claims asserted in Counts II and VII.

12 **IT IS FURTHER ORDERED** granting summary judgment in favor of
13 Defendant Arpaio on Plaintiff's claims asserted in Counts I, II, and VII.

14 **IT IS FURTHER ORDERED** granting summary judgment in favor of
15 Defendants Burke and Carr on Plaintiff claims asserted in Counts I, III, IV, V and VI.

16 **IT IS FURTHER ORDERED** that the bench trial set for January 31, 2011
17 and order that counsel must file proposed findings of fact and conclusions of law on or
18 before Friday, January 14, 2011 are **VACATED**.

19 The Clerk of Court is directed to enter judgment in favor of Defendants and
20 against Plaintiff and terminate this case.

21 Dated this 20th day of December, 2010.

*[Signature]*
Lawrence O. Anderson
United States Magistrate Judge